UNITED STATES DISTRICT COURT
WESTERN MASSACHUSETTS DISTRICT

Civil Action Number: _____

03-30294- MAP

| | |
|---|---|
| WARREN PARTELOW,<br>Plaintiff<br>v.<br><br>COMMONWEALTH OF MASSACHUSETTS,<br>HAMPDEN COUNTY CORRECTIONAL<br>CENTER, MICHAEL ASHE JR., Sheriff of<br>Hampden County; THOMAS CONKLIN,<br>Superintendent of Health Services of<br>Hampden County Correctional Center, CPT.<br>WALKER, CPT. SADDI, and certain JOHN DOES,<br>Defendants | **VERIFIED**<br>**COMPLAINT**<br><br>**JURY TRIAL**<br>**DEMANDED** |

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C., Sections 1981, 1983 and 1988, and the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution as well as Article III, Section 2. In addition jurisdiction is founded upon the Americans with Disabilities Act (ADA) 42 U.S.C., Sections 12101 et al., the Rehabilitation Act, 29 U.S.C., Sections 706, 791-794 and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law.

## PARTIES

2. The Plaintiff, Warren Partelow (hereinafter, "the Plaintiff") is a natural person who resides at 52 Maple Court, Springfield, Hampden County, Massachusetts.

3. The Defendant, Commonwealth of Massachusetts, is a legal entity with exclusive care, custody and control of the Hampden County House of Correction.

1



4. The Defendant, Commonwealth of Massachusetts, is a public employer within the meaning of G.L. c. 258, § 1, and at all times material hereto was the employer of Sheriff Michael Ashe, Jr., and his subordinate employees.

5. The Defendant, Hampden County Correctional Center is a correctional center for and in Hampden County, Massachusetts and is located at 627 Randall Road, Ludlow, Massachusetts.

6. The Defendant, Michael Ashe, Jr., is the Sheriff of Hampden County and is the person in charge of the Hampden County House of Corrections with his principal place of business at 627 Randall Road, Ludlow, Massachusetts;

7. The Defendant, Thomas Conklin, is the Superintendent of Health Services of the Hampden County Correctional Center with his principal place of business at 627 Randall Road, Ludlow, Massachusetts;

8. Certain Defendants, John Does, are named herein as parties to this lawsuit whose identities remain uncertain at this time;

## STATEMENT OF FACTS

9. At all times material hereto, the Plaintiff, Warren Partelow was an inmate at the Hampden County House of Corrections at 627 Randall Road, Ludlow, Massachusetts.

10. The Plaintiff has been incarcerated at the Hampden County House of Corrections on several occasions. In 2000, Mr. Partelow was incarcerated from May 3rd until June 21st, and again from August 29th to September 1st.

11. In 2001, the Plaintiff was incarcerated at the Hampden County House of Corrections from January 2nd until May 22, 2001.

12. While in the custody of the Hampden County House of Corrections and Sheriff Michael

Ashe, Jr., a duty of care was owed to Plaintiff Warren Partelow by the Defendant, the Commonwealth of Massachusetts; by the Defendant, Hampden County House of Corrections; by the Defendant, Sheriff Michael Ashe, Jr.; by the Defendant, Superintendent of Health Services of the Hampden County Correctional Center, Thomas Conklin; and by the Defendant, John Does, (hereinafter, "the Defendants").

13. At the orientation, the Plaintiff indicated to the Defendants that he was a handicapped person.

14. The Plaintiff is a left leg amputee and as such is a handicapped person as that word is defined under the Americans with Disabilities Act (ADA), the Rehabilitation Act, and Massachusetts General Law, Chapter 151B.

15. The Plaintiff typically wears a prosthesis except while bathing or taking a shower.

16. At the time of the Plaintiff's incarceration in 2001, his, "Pod" or cell block (upon reason and belief "Tower B") was equipped with a handicapped shower to which the Plaintiff had access.

17. Subsequent to the Plaintiff's incarceration in 2001, this handicapped equipped shower was renovated, however, handrails and/or other accessories necessary to equip the shower for handicap use were not installed.

18. The new shower facilities were not handicap accessible as required under the ADA, the Rehabilitation Act, and under Massachusetts G.L. c. 272 §98.

19. After the Plaintiff discovered that these showers were not handicap accessible, the Plaintiff gave due notice to the Defendants that he required handicap accessible shower facilities.

20. Thereafter, the Defendants transferred the Plaintiff (upon reason and belief) to Cell Block C3 which was the only part of the jail that still had a handicap shower, however, C3 was a, "lock-

down" pod.

21. In a "lock-down" pod the Plaintiff had all privileges suspended including the right to visitation.

22. A few days after the Plaintiff's transfer, renovations occurred to this shower facility also and handicap accessories were removed in similar fashion to the first shower renovated. Thus, these shower facilities also became unaccessible and dangerous to the Plaintiff.

23. The Plaintiff was told by the Defendants that he would have to use the "regular" shower facilities.

24. The Plaintiff spoke with Captain Walker who had the Plaintiff transferred back to "Tower B."

25. Briefly, arrangements were made for the Plaintiff to shower at the infirmary, however, this arrangement lasted only a few days.

26. Again, the Plaintiff was told by the Defendants that he would have to use the "regular" shower facilities.

27. The Plaintiff protested having to use the regular shower facilities and indicated to the Defendants that it was dangerous for him to do so;

28. While attempting to use these facilities and while using due care, the Plaintiff fell on three (3) separate occasions scraping his the stump of his residual limb, reopening scar tissue on the residual limb and injuring his back.

29. The Plaintiff complained repeatedly to no avail. The Plaintiff spoke with Sheriff Ashe who assured him that something would be done, however, upon reason and belief, nothing was ever done to accommodate the Plaintiff.

30. The Plaintiff told Sheriff Ashe that he had been injured while attempting to use the "regular" shower facilities. The Plaintiff told Sheriff Ashe that when he fell he had hurt his back, that his stump had started to bleed, and that he had a lot of bruising and swelling.

31. The Plaintiff inquired to Captain Saddi whether it would be possible to use the infirmary shower. Captain Saddi informed the Plaintiff that he had no right to use these facilities because he was not handicapped.

32. The Plaintiff repeatedly asked the guards for paperwork to file a complaint, however, the guards refused to give the Plaintiff this paperwork or to assist him in filing a formal complaint.

### COUNT I
### Violation of 42 U.S.C. Sections 12101 et al
### (Americans with Disabilities Act)

33. The Plaintiff hereby repeats and realleges the allegations contained in paragraphs 1 through 32 of this complaint and incorporates the same herein by reference;

34. Based upon the actions of the , Plaintiff was denied access and/or reasonable accommodation in regard to public facilities.

35. As a result of these intentional, wilful, knowing, malicious and purposeful violations the Plaintiff suffered the deprivation of his rights under the Americans with Disabilities Act (ADA) and was forced to suffer great strain, hardship, and anxiety, was caused painful physical and mental suffering, was subjected to humiliation, and was caused to seek medical attention.

### COUNT II
### Violation of 29 U.S.C. Sections 701, et seq
### (Rehabilitation Act of 1973 - Title V)

36. The Plaintiff hereby repeats and realleges the allegations contained in paragraphs 1

through 32 of this complaint and incorporates the same herein by reference;

37. Based on the actions of the Defendant, Plaintiff was denied access and/or reasonable accommodation in regard to public facilities which, upon reason and belief, are supported by federal funds;

38. As a result of these intentional, wilful, knowing, malicious and purposeful violations the Plaintiff suffered the deprivation of his rights under the Rehabilitation Act of 1973 and was forced to suffer great strain, hardship, and anxiety, was caused painful physical and mental suffering, was subjected to humiliation, and was caused to seek medical attention.

## COUNT III
### Violation of M.G.L. c 272 §98
### (Handicapped Discrimination)

39. The Plaintiff hereby repeats and reallege the allegations contained in paragraphs 1 through 32 of this complaint and incorporates the same herein by reference;

40. Based on the actions of the Defendant, Plaintiff's right to full and equal accommodations, advantages, facilities, and privileges of any place of public accommodations was violated in breach of M.G.L. c 272 §98 and the Defendant made distinction, discrimination, or restriction, or aided and incited such distinction, discrimination or restriction on account of the Plaintiff's physical disability;

41. As a result of these intentional, wilful, knowing, malicious and purposeful violations the Plaintiff suffered the deprivation of his rights under M.G.L. c 272 §98 and was forced to suffer great strain, hardship, and anxiety, was caused painful physical and mental suffering, was subjected to humiliation, and was caused to seek medical attention.

## COUNT IV
### Violation of Article CXIV of the Amendments to the Massachusetts Constitution
### (Discrimination)

42. The Plaintiff hereby repeats and reallege the allegations contained in paragraphs 1 through 32 of this complaint and incorporates the same herein by reference;

43. Based on these actions, the Defendant, discriminated against or excluded the Plaintiff, a disabled individual, from participation in a program or activity within the Commonwealth.

44. As a result of these intentional, wilful, knowing, malicious and purposeful violations the Plaintiff suffered the deprivation of his rights under Article CXIV of the Amendments to the Massachusetts Constitution and was forced to suffer great strain, hardship, and anxiety, was caused painful physical and mental suffering, was subjected to humiliation, and was caused to seek medical attention.

## COUNT V
### Violation of Massachusetts General Laws Chapter 12, §111
### (Massachusetts Civil Rights Act)

45. The Plaintiff hereby repeats and reallege the allegations contained in paragraphs 1 through 32 of this complaint and incorporates the same herein by reference;

46. As a result of the Defendant's actions, the Defendants interfered with the Plaintiff's enjoyment of rights secured by the constitution of the Commonwealth within the meaning of Mass. St. 1979, Chapter 801, M.G.L., Chapter 12, Section 11I, including his right to:

    a) Freedom from illegal detention and imprisonment;

    c) Freedom from intimidation and humiliation;

    d) The enjoyment of life, liberty and property and freedom from their deprivation

without due process of law;

  e) Freedom from the use of excessive and unreasonable force;

  f) Equal protection of the law.

47. As a result of these intentional, wilful, knowing, malicious and purposeful violations the Plaintiff civil rights under M.G.L. c. 12, §111, the Plaintiff suffered the deprivation of his rights and was forced to suffer great strain, hardship, and anxiety, was caused painful physical and mental suffering, was subjected to humiliation, and was caused to seek medical attention.

## COUNT VI
### Violation of 42 U.S.C., Sections 1981, 1983 and 1988
### (Federal Civil Rights Violations)

48. The Plaintiff hereby repeats and reallege the allegations contained in paragraphs 1 through 32 of this complaint and incorporates the same herein by reference;

49. As a result of the Defendant's actions under color of law, Plaintiff's civil rights have been interfered with, attempted to be interfered with, and that interference or attempted interference was by threats, intimidation or coercion,

50. As a result of these intentional, wilful, knowing, malicious and purposeful violations the Plaintiff civil rights under 42 U.S.C., Sections 1981, 1983 and 1988 the Plaintiff suffered the deprivation of his rights and was forced to suffer great strain, hardship, and anxiety, was caused painful physical and mental suffering, was subjected to humiliation, and was caused to seek medical attention.

## COUNT VII
### Violation of 42 U.S.C., §§ 1985 (c) and 1986
### (Neglecting to Prevent Acts Wrongful under §1985)

51. The Plaintiff hereby repeats and reallege the allegations contained in paragraphs 1 through 32 of this complaint and incorporates the same herein by reference;

52. As a result of the Defendant's actions under color of law, the Defendant neglected to prevent acts wrongful under 42 U.S.C., 1985 (c) and/or 1986 and Plaintiff's civil rights were interfered with, attempted to be interfered with, and that interference or attempted interference was by threats, intimidation or coercion.

53. As a result of these intentional, wilful, knowing, malicious and purposeful violations the Plaintiff civil rights under 42 U.S.C., 1985(c) and/or 1986 the Plaintiff suffered the deprivation of his rights and was forced to suffer great strain, hardship, and anxiety, was caused painful physical and mental suffering, was subjected to humiliation, and was caused to seek medical attention.

## COUNT VIII
### Intentional Infliction of Emotional Distress

54. The Plaintiff hereby repeats and reallege the allegations contained in paragraphs 1 through 32 of this complaint and incorporates the same herein by reference;

55. As a result of the Defendant's actions, the Defendants intentionally inflicted severe emotional distress on the Plaintiff;

56. As a result the Plaintiff was forced to suffer emotional distress, great strain, hardship, and anxiety, was caused painful physical and mental suffering, was subjected to humiliation, and was caused to seek medical attention.

## COUNT IX
### Negligent Infliction of Emotional Distress

57. The Plaintiff hereby repeats and reallege the allegations contained in paragraphs 1 through 32 of this complaint and incorporates the same herein by reference;

58. As a result of the Defendant's actions, the Defendants negligently inflicted severe emotional distress on the Plaintiff;

59. As a result the Plaintiff was forced to suffer emotional distress, great strain, hardship, and anxiety, was caused painful physical and mental suffering, was subjected to humiliation, and was caused to seek medical attention.

## COUNT X
### Negligence

60. The Plaintiff hereby repeats and reallege the allegations contained in paragraphs 1 through 32 of this complaint and incorporates the same herein by reference;

61. The presentment requirement of the Massachusetts Tort Claims Act, M.G.L. c. 258, §§ 4, 5, was satisfied on or about April 7, 2003 with notice sent to the Defendants to the Hampden County Correctional Facility, William F. Galvin as Secretary of the Commonwealth of Massachusetts, Michael J. Ashe, Jr. as the Sheriff of Hampden County, Thomas Conklin as superintendent of Health Services of the Hampden County Correctional Center, and William Fitzgerald, General Counsel of the Hampden County Correctional Center. This notice is attached hereto as Exhibit "A";

62. As a direct result of the negligence of the Defendants in the hiring, training, supervision and retention of the correctional officers involved in the incidents as alleged herein, the Plaintiff,

suffered serious personal injuries, suffered severe emotional distress, and was otherwise damaged.

WHEREFORE, the Plaintiff demands judgment against all the Defendants as follows:

**On Count I:**

(a)  That Plaintiff be awarded compensatory damages, including damages for emotional distress, in an amount to be determined at trial;

(b)  That Plaintiff be awarded punitive damages in an amount to be determined at trial;

(c )  That the Plaintiff be awarded reasonable costs and expenses of this action, including prejudgment interest;

(d)  That the Plaintiff be awarded a reasonable allowance for attorney's fees.

**On Count II:**

(a)  That Plaintiff be awarded compensatory damages, including damages for emotional distress, in an amount to be determined at trial;

(b)  That Plaintiff be awarded punitive damages in an amount to be determined at trial;

(c )  That the Plaintiff be awarded reasonable costs and expenses of this action, including prejudgment interest;

(d)  That the Plaintiff be awarded a reasonable allowance for attorney's fees.

**On Count III:**

(a)  That Plaintiff be awarded compensatory damages, including damages for emotional distress, in an amount to be determined at trial;

(b)  That Plaintiff be awarded punitive damages in an amount to be determined at trial;

(c )  That the Plaintiff be awarded reasonable costs and expenses of this action,

including prejudgment interest;

(d) That the Plaintiff be awarded a reasonable allowance for attorney's fees.

**On Count IV:**

(a) That Plaintiff be awarded compensatory damages, including damages for emotional distress, in an amount to be determined at trial;

(b) That Plaintiff be awarded punitive damages in an amount to be determined at trial;

(c) That the Plaintiff be awarded reasonable costs and expenses of this action, including prejudgment interest;

(d) That the Plaintiff be awarded a reasonable allowance for attorney's fees.

**On Count V:**

(a) That Plaintiff be awarded compensatory damages, including damages for emotional distress, in an amount to be determined at trial;

(b) That Plaintiff be awarded punitive damages in an amount to be determined at trial;

(c) That the Plaintiff be awarded reasonable costs and expenses of this action, including prejudgment interest;

(d) That the Plaintiff be awarded a reasonable allowance for attorney's fees.

**On Count VI:**

(a) That Plaintiff be awarded compensatory damages, including damages for emotional distress, in an amount to be determined at trial;

(b) That Plaintiff be awarded punitive damages in an amount to be determined at trial;

(c) That the Plaintiff be awarded reasonable costs and expenses of this action, including prejudgment interest;

(d)   That the Plaintiff be awarded a reasonable allowance for attorney's fees.

**On Count VII:**

(a)   That Plaintiff be awarded compensatory damages, including damages for emotional distress, in an amount to be determined at trial;

(b)   That Plaintiff be awarded punitive damages in an amount to be determined at trial;

(c)   That the Plaintiff be awarded reasonable costs and expenses of this action, including prejudgment interest;

(d)   That the Plaintiff be awarded a reasonable allowance for attorney's fees.

**On Count VIII:**

(a)   That Plaintiff be awarded compensatory damages, including damages for emotional distress, in an amount to be determined at trial;

(b)   That Plaintiff be awarded punitive damages in an amount to be determined at trial;

(c)   That the Plaintiff be awarded reasonable costs and expenses of this action, including prejudgment interest;

(d)   That the Plaintiff be awarded a reasonable allowance for attorney's fees.

**On Count IX:**

(a)   That Plaintiff be awarded compensatory damages, including damages for emotional distress, in an amount to be determined at trial;

(b)   That Plaintiff be awarded punitive damages in an amount to be determined at trial;

(c)   That the Plaintiff be awarded reasonable costs and expenses of this action, including prejudgment interest;

(d)   That the Plaintiff be awarded a reasonable allowance for attorney's fees.

**On Count X:**

(a)     That Plaintiff be awarded compensatory damages, including damages for emotional distress, in an amount to be determined at trial;

(b)     That Plaintiff be awarded punitive damages in an amount to be determined at trial;

(c)     That the Plaintiff be awarded reasonable costs and expenses of this action, including prejudgment interest;

(d)     That the Plaintiff be awarded a reasonable allowance for attorney's fees.

**JURY TRIAL DEMANDED ON ALL COUNTS ALLOWABLE**

VERIFICATION

I, Warren Partelow, do hereby declare that I have read the foregoing Complaint and know the contents thereof. The contents are true to my knowledge except to those matters that are alleged on information and belief; as to those maters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 26 day of ~~Oct~~ September, 2003 in Hampden County, Massachusetts.

_____
WARREN PARTELOW

Respectfully submitted,
THE PLAINTIFF, WARREN PARTELOW
By his attorney,

Dated: September 25, 2003

_____
Alfred P. Chamberland
BBO#: 564151
9 Campus Lane -- PO Box 217
Easthampton, MA 01027
(413) 529-0404

14

# Exhibit A

**ALFRED P. CHAMBERLAND**
ATTORNEY AT LAW
9 Campus Lane - P.O. Box 217
Easthampton, Massachusetts 01027
Telephone (413) 529-0404 • Fax (413) 529-0347

**Via Return Receipt Certified US Mail**
**Article Number: 7002 2410 0001 9971 3396**

April 1, 2003

Hampden County Jail and House of Correction
and Correctional Center at Stony Brook
627 Randall Road
Ludlow, MA 01056

RE: **NOTICE OF LIABILITY - Personal Injury**
<u>WARREN PARTELOW v. COMMONWEALTH OF MASSACHUSETTS; HAMPDEN COUNTY CORRECTIONAL CENTER; MICHAEL ASHE JR., Sheriff of Hampden County; and THOMAS CONKLIN, Superintendent of Health Services of Hampden County Correctional Center and certain JOHN DOES</u>

My Client: Warren Partelow
DOB: 01/30/1962
SSN: 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
DOL: May 17, 2001

Dear Sir or Madam:

Please be advised that I represent the above-referenced Plaintiff and hereby give **notice of liability** against the Hampden County Correctional Facility, 627 Randall Road, Ludlow, Massachusetts **pursuant to the presentment requirement of the Massachusetts Tort Claims Act, M.G.L. c. 258, § 5.**

**STATEMENT OF ALLEGED FACTS**

Warren Partelow has been incarcerated at the Hampden County House of Corrections on several occasions. In 2000, Mr. Partelow was incarcerated from May 3rd until June 21st, and again from August 29th to September 1st. In 2001, Mr. Partelow was incarcerated at the Hampden County House of Corrections from January 2nd until May 22, 2001. At the orientation, Mr. Partelow indicated to corrections officials that he was a handicapped person. Mr. Partelow is a left leg amputee and as such is a handicapped person as that word is defined under the

Americans with Disabilities Act (ADA) and Massachusetts General Law, Chapter 151B. Mr. Partelow typically wears a prosthesis except while bathing or taking a shower.

At the time of his incarceration in 2001, his, "Pod" or cell block (upon reason and belief "Tower B") was equipped with a handicapped shower to which Mr. Partelow had access. Subsequent to his incarceration in 2001, this handicapped equipped shower was renovated, however, handrails and/or other accessories necessary to equip the shower for handicap use were not installed. Thus, the new shower facilities were not handicap accessible as required under the ADA and, upon notice, under G.L. c. 151B. After discovery that these showers were not handicap accessible, Mr. Partelow gave due notice to correction officials.

Thereafter, correction officials transferred Mr. Partelow (upon reason and belief) to Cell Block C3 which was the only part of the jail that still had a handicap shower, however, C3 was a, "lock-down" pod. Accordingly, Mr. Partelow had all privileges suspended including the right to visitation. A few days after his transfer, renovations occurred to this shower facility also and handicap accessories were removed in similar fashion to the first shower renovated. Thus, these shower facilities also became unaccessible to Mr. Partelow. Mr. Partelow was told by correction official that he would have to use the "regular" shower facilities.

Mr. Partelow spoke with Captain Walker who had Mr. Partelow transferred back to Tower B. Briefly, arrangements were made for Mr. Partelow to shower at the infirmary, however, this arrangement lasted only a few days. Subsequently, Mr. Partelow was told that he would again have to use the "regular" shower facilities. Accordingly, while attempting to use these facilities, Mr. Partelow fell on three (3) separate occasions scraping his the stump of his residual limb, reopening scar tissue on the residual limb and injuring his back.

Mr. Partelow complained repeatedly to no avail. Mr. Partelow spoke with Sheriff Ashe who assured him that something would be done, however, upon reason and belief, nothing was ever done to accommodate Mr. Partelow. Further, Mr. Partelow told Sheriff Ashe that he had been injured while attempting to use the "regular" shower facilities. Mr. Partelow told Sheriff Ashe that when he fell he had hurt his back, that his stump had started to bleed, and that he had a lot of bruising and swelling.

At some point Mr. Partelow inquired to Captain Saddi whether it would be possible to use the infirmary shower. In response Captain Saddi informed Mr. Partelow that he had no right to use these facilities because he was not handicapped. Mr. Partelow repeatedly asked the guards for paperwork to file a complaint, however, the guards refused to give Mr. Partelow this paperwork or to assist him in filing a formal complaint.

## LEGAL CLAIMS

**Americans with Disabilities Act Violations (ADA):** 42 U.S.C. Sections 12101 et al provide recourse for disabled individuals denied access to public facilities. Mr. Partelow has legitimate claims based on his treatment at the hands of state officials in their various capacities at the correctional center.

**Rehabilitation Act:** 29 U.S.C. Sections 706, 791-794 provide recourse for disabled individuals denied access to public facilities supported by federal funds. Mr. Partelow has legitimate claims based on his treatment at the hands of state officials in their various capacities at the correctional center.

**Massachusetts Laws, Handicapped Discrimination:** Mr Partelow is protected from discrimination by several Massachusetts statutes and even by the Massachusetts Constitution itself.

Article CXIV of the Amendments to the Massachusetts Constitution provide recourse to disabled individuals discriminated against or excluded from participation in any program or activity within the Commonwealth. Mr. Partelow has legitimate claims based on his treatment at the hands of state officials in their various capacities at the correctional center.

All persons have a civil right to full and equal accommodations, advantages, facilities, and privileges of any place of public accommodations. It is unlawful and a violation of M.G.L. c 272 §98 to make any distinction, discrimination, or restriction, or to aid and incite such distinction, discrimination or restriction on account of physical disability. Mr. Partelow has legitimate claims based on his treatment at the hands of state officials in their various capacities at the correctional center in violation of this statute.

Massachusetts General Laws Chapter 12 protect all individuals from violations and deprivations of their civil rights. Such Actions may be brought against the individuals or against the governmental facility. When an individuals exercise or enjoyment of rights secured by the Constitution or laws of either the United States or the Commonwealth have been interfered with, or attempted to be interfered with, and that interference or attempted interference was by threats, intimidation or coercion, such individual has established a claim under the Massachusetts Civil Rights Act. Mr. Partelow has legitimate claims based on his treatment at the hands of state officials in their various capacities at the correctional center in violation of this statute.

**Federal Civil Rights Violations:** 42 U.S.C., Sections 1981, 1983 and 1988 provide recourse for inmates who believe that they have been deprived of their civil rights under color of law. Mr. Partelow has legitimate claims based on his treatment at the hands of state officials in their various capacities at the correctional center. Additionally, Mr. Partelow may have legitimate claims under the First, Fifth, Eighth and Fourteenth Amendments to the United States Constitution; and 42 U.S.C., § 1985 ( c ) (civil conspiracy against his rights); and 42 U.S.C., §1986 (neglecting to prevent acts wrongful under §1985).

**Other Common Law and Statutory Claims:** In addition to the above referenced claims, Mr. Partelow may at the time of filing his complaint present other common law and statutory claims. These include but may not be limited to: negligence and intentional or negligent infliction of emotional distress.

**DEMAND**

At this time it is difficult to calculate the extent to which Mr. Partelow has been damaged by the actions or inactions of the Hampden County Jail and House of Correction and Correctional Center at Stony Brook, its employees, agents and assigns. WITHOUT PREJUDICING HIS RIGHTS TO BRING SUIT FOR THE ABOVE REFERENCED AND ANY OTHER CLAIMS IN THE FUTURE, Mr. Partelow demands that Hampden County Jail and House of Correction and Correctional Center at Stony Brook:

(1) Undertake in-service training regarding disabilities violation recognition and the rights of disabled prisoners;
(2) Undertake and update training and/or qualifications for medical personnel;
(3) Pay to Mr. Partelow the amount of $30,000.00 for personal injury, pain and suffering.

This amount would be inclusive of attorney's fees and Mr. Partelow would provide a complete release as part of the resolution of this matter. Please contact my office on or before April 30, 2003 to discuss these matters.

Very truly yours,

Alfred P. Chamberland

distribution list:

William F. Galvin
Secretary of the Commonwealth of Massachusetts
State House, Room 337
Boston, MA 02133

Michael J. Ashe, Jr.
Sheriff of Hampden County
627 Randall Road
Ludlow, MA 01056

Thomas Conklin, Asst. Sup. of Health Services
C/O: Hampden County Jail and House of Correction
and Correctional Center at Stony Brook
627 Randall Road
Ludlow, MA 01056

William Fitzgerald, General Counsel
C/O: Hampden County Jail and House of Correction
and Correctional Center at Stony Brook
627 Randall Road
Ludlow, MA 01056

file