SCANNED

UNITED STATES DISTRICT COURT
WESTERN MASSACHUSETTS DISTRICT

CIVIL ACTION NUMBER: 03-30294-MAP

---

WARREN PARTELOW
PLAINTIFF
v.
COMMONWEALTH OF MASSACHUSETTS,
HAMPDEN COUNTY CORRECTIONAL CENTER
MICHAEL ASHE, JR., SHERIFF OF HAMPDEN COUNTY
THOMAS CONKLIN, SUPERINTENDENT OF HEALTH SERVICES OF
HAMPDEN COUNTY CORRECTIONAL CENTER,
CPT. WALKER, CPT. SADDI AND CERTAIN JOHN DOES
DEFENDANTS

**DOCKETED**

---

## DEFENDANTS', COMMONWEALTH OF MASSACHUSETTS, HAMPDEN COUNTY CORRECTIONAL CENTER, MICHAEL ASHE, JR., THOMAS CONKLIN, CPT. CHRISTOPHER WALKER AND CPT. STEVE SADI, ANSWER

Now come the defendants in the above-captioned matter except for "certain John Does" and by way of response to the numbered paragraphs of the Complaint:

1.  Defendants state they are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 1 of plaintiff's Complaint.

2.  Defendants state they are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 2 of plaintiff's Complaint.

3.  Defendants admit the allegations contained in paragraph 3 of plaintiff's Complaint except to deny that the name of the facility is the Hampden County House of Correction.

4.    Defendants admit the allegations contained in paragraph 4 of plaintiff's Complaint.

5.    Defendants admit the allegations contained in paragraph 5 of plaintiff's Complaint.

6.    Defendants admit only that Michael Ashe, Jr. is the sheriff of Hampden County and that the Hampden County Correctional Center is located at 627 Randall Road and deny the remaining allegations contained in paragraph 6 of plaintiff's Complaint.

7.    Defendants admit only that Thomas Conklin is an employee of the Commonwealth of Massachusetts and deny the remaining allegations contained in paragraph 7 of plaintiff's Complaint.

8.    Defendants state they are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 8 of plaintiff's Complaint.

9.    Defendants state they are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 9 of plaintiff's Complaint.

10.    Defendants state they are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 10 of plaintiff's Complaint.

11.    Defendants state they are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 11 of plaintiff's

2

Complaint.

12.    Defendants deny the allegations contained in paragraph 12 of plaintiff's Complaint.

13.    Defendants state they are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 13 of plaintiff's Complaint.

14.    Defendants state they are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 14 of plaintiff's Complaint.

15.    Defendants state they are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 15 of plaintiff's Complaint.

16.    Defendants state they are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 16 of plaintiff's Complaint.

17.    Defendants state they are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 17 of plaintiff's Complaint.

18.    Defendants state they are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 18 of plaintiff's Complaint.

3

19.    Defendants state they are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 19 of plaintiff's Complaint.

20.    Defendants state they are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 20 of plaintiff's Complaint.

21.    Defendants state they are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 21 of plaintiff's Complaint.

22.    Defendants state they are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 22 of plaintiff's Complaint.

23.    Defendants state they are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 23 of plaintiff's Complaint.

24.    Defendants state they are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 24 of plaintiff's Complaint.

25.    Defendants state they are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 25 of plaintiff's Complaint.

4

26.   Defendants state they are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 26 of plaintiff's Complaint.

27.   Defendants state they are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 27 of plaintiff's Complaint.

28.   Defendants state they are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 28 of plaintiff's Complaint.

29.   Defendants state they are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 29 of plaintiff's Complaint.

30.   Defendants state they are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 30 of plaintiff's Complaint.

31.   Defendants deny the allegations contained in paragraph 31 of plaintiff's Complaint.

32.   Defendants deny the allegations contained in paragraph 32 of plaintiff's Complaint.

33.   The defendants repeat and reallege their responses to paragraphs 1 through 32 of plaintiff's Complaint and incorporate the same herein by reference.

5

34.   Defendants deny the allegations contained in paragraph 34 of plaintiff's
      Complaint.

35.   Defendants deny the allegations contained in paragraph 35 of plaintiff's
      Complaint.

36.   The defendants repeat and reallege their responses to paragraphs 1 through
      32 of plaintiff's Complaint and incorporate the same herein by reference.

37.   Defendant deny the allegations contained in paragraph 37 of plaintiff's
      Complaint.

38.   Defendants deny the allegations contained in paragraph 38 of plaintiff's
      Complaint.

39.   Defendants repeat and reallege their responses to paragraphs 1 through 32 of
      plaintiff's Complaint and incorporate the same herein by reference.

40.   Defendants deny the allegations contained in paragraph 40 of plaintiff's
      Complaint.

41.   Defendants deny the allegations contained in paragraph 41 of plaintiff's
      Complaint.

42.   Defendants repeat and reallege their responses to paragraphs 1 through 32 of
      plaintiff's Complaint and incorporate the same herein by reference.

43.   Defendants deny the allegations contained in paragraph 43 of plaintiff's
      Complaint.

44.   Defendants deny the allegations contained in paragraph 44 of plaintiff's
      Complaint.

6

45.   Defendants repeat and reallege their responses to paragraphs 1 through 32 of plaintiff's Complaint and incorporate the same herein by reference.

46.   Defendants deny the allegations contained in paragraph 46 of plaintiff's Complaint.

47.   Defendants deny the allegations contained in paragraph 47 of plaintiff's Complaint.

48.   Defendants repeat and reallege their responses to paragraphs 1 through 32 of plaintiff's Complaint and incorporate the same herein by reference.

49.   Defendants deny the allegations contained in paragraph 49 of plaintiff's Complaint.

50.   Defendants deny the allegations contained in paragraph 50 of plaintiff's Complaint.

51.   Defendants repeat and reallege their responses to paragraphs 1 through 32 of plaintiff's Complaint and incorporate the same herein by reference.

52.   Defendants deny the allegations contained in paragraph 52 of plaintiff's Complaint.

53.   Defendants deny the allegations contained in paragraph 53 of plaintiff's Complaint.

54.   Defendants repeat and reallege their responses to paragraphs 1 through 32 of plaintiff's Complaint and incorporate the same herein by reference.

55.   Defendants deny the allegations contained in paragraph 55 of plaintiff's Complaint.

56.    Defendants deny the allegations contained in paragraph 56 of plaintiff's
       Complaint.

57.    Defendants repeat and reallege their responses to paragraphs 1 through 32 of
       plaintiff's Complaint and incorporate the same herein by reference.

58.    Defendants deny the allegations contained in paragraph 58 of plaintiff's
       Complaint.

59.    Defendants deny the allegations contained in paragraph 59 of plaintiff's
       Complaint.

60.    Defendants repeat and reallege their responses to paragraphs 1 through 32 of
       plaintiff's Complaint and incorporate the same herein by reference.

61.    Defendants are without sufficient information to form a belief as to the truth
       of the allegations contained in paragraph 61 of plaintiff's Complaint.

62.    Defendants deny the allegations contained in paragraph 62 of plaintiff's
       Complaint.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's complaint fails to state any claim upon which relief can be granted.

2.    Plaintiff's claim is barred because the damages allegedly suffered by the
      Plaintiff resulted from or were caused by the contributory negligence of the
      Plaintiff.

3.    Plaintiff's claim is barred because the damages allegedly suffered by the
      Plaintiff resulted from or were caused or contributed to by the negligence of

8

the Plaintiff, which negligence was equal to or greater than any alleged negligence of the Defendants.

4.   Plaintiff's claim is barred because the damages allegedly suffered by the Plaintiff were caused by the intervening and/or superseding negligence or other acts or omissions of third persons or entities for whose conduct the Defendants are not legally responsible.

5.   Plaintiff is not entitled to recover in the amounts prayed for in the Complaint because Plaintiff's negligence has diminished whatever right, if any, Plaintiff might ever have had to such recovery.

6.   At the time of the alleged accident the Plaintiff was in violation of the laws of this Commonwealth, and said violation was the cause of Plaintiff's alleged injuries.

7.   The Plaintiff's action is barred due to lack of service of process and due to insufficient service of process.

8.   The Plaintiff's claim is barred due to the Plaintiff's failure to provide sufficient and timely notice of Plaintiff's claim and injury as required by law, including but not limited to the provisions of G.L. ch. 258.

9.   The Plaintiff's claims should be diminished in accordance with M.G.L. c. 231, §85, because the damages allegedly suffered by the Plaintiff resulted from or were caused by or contributed to by the negligence of the Plaintiff.

10.  The defendants deny that this action arises under the Constitution of the United States and deny that there has been any deprivation under color of any

9

statute of the Commonwealth of Massachusetts of any rights, privileges or immunities secured to the plaintiff by the Constitution of the United States.

11. The defendants state that all of their actions as they may relate in any way to this action were taken in good faith without the knowledge that said actions would result in a violation of the named plaintiff's, or anyone else's, constitutional rights, nor were said actions taken with any reckless disregard of the constitutional rights of the named plaintiff, or of anyone else, and thus, the defendants are immune from liability for any damages as alleged in plaintiff's complaint under the doctrine of qualified immunity.

12. The defendants state that all actions taken by them which in any way related to plaintiff were taken in good faith, without knowledge that any such actions would violate any person's constitutional rights, and without reckless disregard for any person's constitutional rights, and therefore they are immune from suit.

13. The defendants say that all of their actions which in any way related to the plaintiff were taken pursuant to their public obligations and duties, that their said actions were taken in their lawful capacity pursuant to their obligations under state law, and as such, were privileged.

14. The defendants say that they are immune from liability in this action under the provisions of G.L. c. 258, as amended.

15. The defendants say that the plaintiff has failed to comply with the provisions of G.L. c. 258, as amended.

16. The plaintiff's claims are barred by the Eleventh Amendment of the United States Constitution and the doctrines of sovereign and qualified immunity.

WHEREFORE, the Defendants demand that plaintiff's complaint be dismissed, that judgment be entered on defendants' behalf, and that they be awarded reasonable attorneys' fees and costs in defending this action.

**THE DEFENDANTS DEMAND A TRIAL BY JURY.**

> FOR THE DEFENDANTS,
> By Their Attorney
>
> Edward J. McDonough, Jr., Esq.
> EGAN, FLANAGAN AND COHEN, P.C.
> 67 Market Street - Post Office Box 9035
> Springfield, MA 01102
> (413) 737-0260; Fax: (413) 737-0121
> BBO# 331590

### CERTIFICATE OF SERVICE

I, Edward J. McDonough, Jr., hereby certify that on this      day of January, 2004, I have caused the aforementioned document to be served on all parties to this action by mailing a copy of same first-class mail, postage prepaid to Alfred P. Chamberland, Esq., Attorney for the Plaintiff, 9 Campus Lane, P. O. Box 217, Easthampton, MA 01027.

> Edward J. McDonough, Jr., Esq

2866-030351\61448.wpd

11

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: Alfred P. Chamberland, 9 Campus Lane - PO Box 217, Easthampton, MA 01027
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

Commonwealth of Massachusetts, Michael Ashe, Jr., Sheriff of Hampden County,
Thomas Conklin, Superintendent of Health ;ervices of Hampden County Correctional Center,
I, __Hampden County Correctional Center__ , acknowledge receipt of your request
Cpt. Christopher Walker (DEFENDANT NAME) Cpt. Steve Sadi

that I waive service of summons in the action of __Warren Partelow v. Commonwealth, et al.__ ,
(CAPTION OF ACTION)

which is case number _____03-30294-MAP_____ in the United States District Court
(DOCKET NUMBER)

for the _____Western_____ District of _____Massachusetts_____ .

I have also received a copy of the complaint in the action, two copies of this instrument, and a means
by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this
lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process
in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or
to the jurisdiction or venue of the court except for objections based on a defect in the summons or in
the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting)
if an answer or motion under Rule 12 is not served upon you within 60 days after __12/19/03__ ,
(DATE REQUEST WAS SENT)
or within 90 days after that date if the request was sent outside the United States.


_1/30/04_                                    _[signature]_
(DATE)                                         (SIGNATURE)

Printed/Typed Name: _Edward J. McDonnell_

As_____ of _____
      (TITLE)                            (CORPORATE DEFENDANT)

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.