quickly transferred back to his original housing unit and allowed to use the showers in the Department of Health Services.    At all times during his incarceration, the defendants made a good faith effort to work with Partelow to find a reasonable accommodation while the showers were being renovated.

As there is no merit to Partelow's allegation that the defendants failed to make any accommodations to him while the showers were being renovated, his claim for attorney's fees under 42 U.S.C. § 1988 also must fail.  Section 1988 provides that in civil rights actions brought under § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988.  Thus, if the Court grants summary judgment in favor of the defendants on Partelow's § 1983 claim, then it also must grant summary judgment on his § 1988 claim for attorney's fees.

### 7.    PARTELOW FAILS TO STATE CLAIMS UNDER § 1985 AND § 1986.

Section 1985 provides a cause of action against two or more persons who "conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws." 42 U.S.C. § 1985.  A claim under § 1985 requires both the deprivation of a right secured by the Constitution or by Federal law and "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Hahn v. Sargent*, 523 F.2d 461, 468 (1975).  The First Circuit has "interpreted this requirement to mean that the complaint must allege facts showing that the defendants conspired against the plaintiffs because of their membership in a class and that the criteria defining the class were invidious." *Id.* at 469 (internal quotation marks omitted).    As

19

discussed above, handicapped persons are not a suspect class for purposes of equal protection analysis. Here, Partelow fails to state a cause of action under § 1985, because he does not allege that the defendants conspired to violated his constitutional rights based upon any class-based animus. *See id.* Indeed, Partelow fails to allege any conspiracy at all on the part of the defendants. Accordingly, his claim under § 1985 fails.

Partelow's §1986 claim is equally without merit. Section 1986 provides that those "having power to prevent or aid in preventing the commission of the [violations committed under §1985] . . . shall be liable to the party injured . . . for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented." 42 U.S.C. §1986. It is clear from the language of the statute that a right of action under § 1986 is dependent upon a successful §1985 action, which Partelow clearly cannot support here. *See id.*

Accordingly, the defendants are entitled to summary judgment on Partelow's §§ 1985 and 1986 claims.

8.    **THERE IS NO VICARIOUS LIABILITY UNDER FEDERAL CIVIL RIGHTS LAW. NONE OF THE INDIVIDUAL DEFENDANTS WERE DIRECTLY INVOLVED IN ANY VIOLATION OF THE PLAINTIFF'S CIVIL RIGHTS.**

Plaintiff's complaint sets forth no material factual allegations against either the defendants Thomas Conklin, Sheriff Ashe, Capt. Sady or Capt. Walker. The only allegation against the defendant Sady (see ¶ 31, "Saddi" in the complaint) is that Sady initially told plaintiff he was not eligible for showers in the medical area, but it is undisputed that the plaintiff was later permitted to shower in the medical area. Likewise, the only allegation directed to the defendant Walker is

that he transferred the plaintiff back to B tower. (¶ 24) These defendants may not be held liable by virtue of their status or position of authority. There is no vicarious liability for constitutional violations, or for civil rights violations. Even if others faced liability for any violation of the plaintiff's civil rights (they do not), supervisors, such as Sheriff Ashe, Conklin, Walker and Sady may not be held vicariously liable for subordinates' conduct which is alleged to violate the constitutional or civil rights. Both the United States Supreme Court and the Supreme Judicial Court have held that "a supervisor's liability cannot be predicated simply upon a respondeat superior theory." *Monell v. Department of Social Servs. of the City of N.Y.*, 436 U.S. 658, 663 n. 7, 98 S.Ct. 2018, 2022 n. 7 (1978). *Dobos v. Driscoll*, 404 Mass. 634,537 N.E.2d 558 (1989). A supervisor can be held liable "only on the basis of her own acts or omissions." *Figueroa v. Aponte-Roque*, 864 F.2d 947, 953 (1st Cir.1989). There is supervisory liability under §1983 only if (1) there is subordinate liability, and (2) supervisor's action or inaction was "affirmatively linked" to constitutional violation caused by subordinate, and that affirmative link must amount to supervisory encouragement, condonation or acquiescence, or gross negligence amounting to deliberate indifference. *Aponte Matos v. Toledo Davila* 135 F.3d 182 (1st Cir. 1998). Supervisory liability under §42 U.S.C. 1983 cannot be predicated on the doctrine of respondeat superior. *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 562 (1st Cir.1989). Finally, plaintiff does not allege that the individual here was acting under an unconstitutional policy, pattern or practice which would warrant a trial under a municipal liability theory. *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 691, (1978) (municipality cannot be held liable under 42 U.S.C. § 1983 on a respondeat superior theory.) Accordingly, on no set of facts alleged

21

can defendants Sheriff Ashe, Conklin, Sady and Walker be held liable for alleged acts committed by others, and summary judgment must be granted as to these defendants.

### 9. PARTELOW'S TORT CLAIMS ARE BARRED.

#### A. PARTELOW'S TORT CLAIMS ARE BARRED DUE TO HIS FAILURE TO PROVIDE PROPER NOTICE TO THE ATTORNEY GENERAL AS REQUIRED UNDER THE MASSACHUSETTS TORT CLAIMS ACT, GENERAL LAW CHAPTER 258.

In Counts III, IV, and V of the Verified Complaint, Partelow alleges that he was injured by the defendants' intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence. Tort claims against public employees such as those alleged by Partelow are by under the Massachusetts Tort Claims Act. *See* G.L. c. 258; *see also Cook v. Bissonnette*, 1998 WL1181768, *3 (Mass. Super. 1998) (holding that a prisoner's "claim under 42 U.S.C. § 1983 for a civil rights violation arising out of the negligent handling of his personal property" was estopped because "his exclusive remedy [wa]s a claim under the Massachusetts Tort Claim Act"). As Partelow "did not claim that the state statutory procedures were inadequate, his exclusive remedy is a claim under the Massachusetts Tort Claim Act." Cook, 1998 WL1181768 at *3. The Act provides that "[p]ublic employers shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment, in the same manner and to the same extent as a private individual under like circumstances." G.L. C. 258, § 2.

In order to assert a claim under the Act, a plaintiff must make a written presentment to the executive officer of the public employer. Specifically, "[a] civil action shall not be instituted against a public employer on a claim of damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose . . . ." G.L. c. 258, § 4. The Supreme Judicial Court has held that the requirement set forth in Chapter 258, section 4, that a claimant must present a claim in writing to the executive officer of the employer before instituting a civil action in tort against a public employer, is "a statutory condition precedent for recovery". *Vasys v. Metro. Dist.*, 387 Mass. 51, 55, 438 N.E.2d 836, 839-40 (1982). Here, Partelow injured himself on January 12, 2001; thus, in order to pursue tort claims against the defendants, he was required to provide proper notice to the appropriate official within two years of that date (i.e., January 12, 2003). He failed to do so.

The presentment requirement has been applied strictly in Massachusetts. *See Fearon v. Commonwealth*, 394 Mass. 50, 52, 474 N.E.2d 162, 164 (1985); *George v. Town of Saugus*, 394 Mass. 40, 42, 474 N.E.2d 169, 171 (1985); *Holahan v. City of Medford*, 394 Mass. 186, 188-190, 474 N.E.2d 1117, 1118-19 (1985); *Weaver v. Commonwealth*, 387 Mass. 43, 47-50, 438 N.E.2d 831, 834-36 (1982). Underlying that strict, and often harsh, interpretation of the presentment requirement is a recognition of the need for public bodies to make prompt investigations in the interest of disproving fraudulent claims and settling meritorious ones out of court, and the desirability of enabling them to take preventive steps to avoid future claims. The presentment requirement ensures that the responsible public official receives notice of the claim "so that the official can

23

investigate to determine whether or not a claim is valid, preclude payment of inflated or non-meritorious claims, settle valid claims expeditiously, and take steps to insure that similar claims will not be brought in the future." *Lodge v. Dist. Attorney for Suffolk*, 21 Mass. App. Ct. 277, 283, 486 N.E.2d 764, 768 (1985).

Notice to a Sheriff is not sufficient under G.L. c. 258 §4. In *Baptiste v. Sheriff of Bristol County*, 35 Mass. App. Ct. 119, 126, 617 N.E.2d 641, 645 (1993), the trial court's dismissal on summary judgment of the plaintiff's claim of negligence against the sheriff was affirmed on appeal. The Court of Appeals held that the plaintiff's failure "to comply with the requirements of G.L. c. 258, § 4, and present her claims to the [sheriff's] employer" precluded recovery for negligence. Specifically, the court found that "[p]resentment was required by G.L. c. 258, § 1, to be made upon the county commissioners of Bristol County. The plaintiff's presentment letter, dated November 15, 1983, was directed to the defendant sheriff of Bristol County, David Nelson," and thus, did not satisfy the statutory requirements for a proper presentment. Id. Likewise, the Partelow's failure to direct his presentment letter to the appropriate executive officer bars the instant action against the defendants.

As a result of the legislature's abolition of Hampden County government in 1997, defendants Ashe, Conklin, Walker and Sady are all public employees of the Commonwealth, and the Hampden County Correctional Center is owned and operated by, the Commonwealth of Massachusetts. Consequently, by statute, the appropriate executive officer for purposes of presentment of Chapter 258 claims

24

is the Attorney General of the Commonwealth. [1]   Clearly, the letter sent to the Secretary of the Commonwealth, William Galvin, and defendants Ashe and Conklin on September 25, 2001, did not satisfy the statutory notice requirement. *See* G.L. c. 258, § 4.   As it is well established that constructive notice is not sufficient to satisfy the presentment requirement, the letter directed to the aforementioned individuals failed to satisfy the statutory notice requirement for filing suit under G.L. c. 258 that notice must be given to the Attorney General. *See Robinson v. Commonwealth*, 32 Mass. App. Ct. 6, 10, 584 N.E.2d 636, 638 (1992) (holding that actual presentment must be made to the appropriate executive officer).   As such, the purported presentment letter from Partelow's attorney must be disregarded for its failure to comply with G.L. c. 258, section 4, and the plaintiff's claims are barred due to his failure to make a proper presentment to the Attorney General.

### B. PARTELOW HAS NOT SUFFERED ANY ACTIONABLE EMOTIONAL DISTRESS AT THE HANDS OF THE DEFENDANTS.

Even if the plaintiff had given proper notice of his tort claims, he cannot recover on the merits of those claims.  In Counts VIII and IX, Partelow alleges that the defendants negligently and intentionally inflicted severe emotional distress upon him.  Both allegations are without merit, and the defendants are entitled to summary judgment on these counts.  Under Massachusetts law, in

---

[1] G.L.c. 258 sec. 4 provides " that in the case of the <u>commonwealth</u>, or any department, office, commission, committee, council, board, division, bureau, institution, agency or authority thereof, presentment of a claim pursuant to this section shall be deemed sufficient if <u>presented to the attorney general</u>.) (emphasis added)

order to prevail on a claim for intentional infliction of emotional distress, Partelow must establish: "(1) that the defendant[s] intended to inflict emotional distress, or knew or should have known that emotional distress was the likely result of [their] conduct, . . . (2) that the defendant[s'] conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community, (3) the actions of the defendant[s] were the cause of the [his] distress, and (4) the emotional distress [he] suffered . . . was severe and of such a nature that no reasonable person could be expected to endure it." *Tetrault v. Mahoney, Hawkes & Goldings*, 425 Mass. 456, 466, 681 N.E.2d 1189, 1197 (1997) (quotation marks omitted); *see also Payton v. Abbott Labs*, 386 Mass. 540, 555, 437 N.E.2d 171 (1982), *Agis v. Howard Johnson Co.*, 371 Mass. 140, 145, 355 N.E.2d 315 (1976). Liability cannot be predicated on "'mere insults, indignities, threats, annoyances, petty oppressions or other trivialities' nor even is it enough 'that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort.'" *Foley v. Polaroid Corp.*, 400 Mass. 82, 99, 508 N.E.2d 72 (1987), *quoting* Restatement (Second) of Torts § 46 comment d (1965).

In order to prevail upon a claim for negligent infliction of emotional distress, Partelow must demonstrate: "(1) negligence; (2) emotional distress; (3) causation; (4) physical harm manifested by objective symptomatology; and (5) that a reasonable person would have suffered emotional distress under the circumstances of the case." *Gutierrez v. Mass. Bay Transp. Auth.*, 437 Mass. 396, 412, 772 N.E.2d 552, 566 (2002) (internal quotation marks omitted); *see also*

*Sullivan v. Boston Gas Co.*, 414 Mass. 129, 132-33, 605 N.E.2d 805, 807 (1993); *Payton v. Abbott Labs*, 386 Mass. 540, 557, 437 N.E.2d 171 (1982) . "A successful negligent infliction of emotional distress claim . . . must do more than allege mere upset, dismay, humiliation, grief and anger." *Sullivan*, 414 Mass. at 137, 605 N.E.2d at 809-10 (internal quotation marks omitted). Thus, Partelow must corroborate his emotional distress claims "with enough objective evidence of harm to convince [the court] that [his] claims present a sufficient likelihood of genuineness to go to trial." *Sullivan*, 414 Mass. at 137-38, 605 N.E.2d 805.

Partelow's deposition testimony undermines his claim that he suffered any emotional distress at the hands of the defendants. He admitted that each of the defendants treated him with dignity and respect. *See* App. 255 and (Partelow deposition Tr. 56-14-18). Moreover, he cannot

**C.    AS PUBLIC EMPLOYEES, THE DEFENDANTS ARE IMMUNE FROM LIABILITY FOR TORT CLAIMS UNDER MASSACHUSETTS GENERAL LAW CHAPTER 258.**

As public employees, defendants Ashe, Conklin, Walker, and Sady enjoy statutory immunity for any alleged acts of negligence committed within the scope of their employment with the Commonwealth under the Massachusetts Tort Claims Act. *See* MASS. GEN. LAWS ch. 258, § 2 (public employees acting within the scope of their employment are immune from suits arising from the employee's allegedly negligent or wrongful acts or omissions); *Pruner v. Clerk of Superior Court*, 382 Mass. 309, 313 (1981) (holding that a clerk and an assistant clerk were "public employees" immune from liability for negligent acts committed within the

27

scope of their employment).  Partelow has not alleged that the defendants were ever acting outside the scope of their public duties, and thus, they are entitled to the statutory immunity set forth in Chapter 258.   Indeed, the defendants pled Chapter 258 immunity as an affirmative defense in their answer.  *See* App. 216. Accordingly, all claims asserted against defendants Ashe, Conklin, Walker and Sady under Chapter 258 must be dismissed.

### CONCLUSION.

The defendants did not violate Partelow's federal or state civil rights, the ADA, the Rehabilitation Act, Chapter 272, § 98, or Article 114.  Likewise, they did not intentionally or negligently inflict any emotional distress upon him, nor were they negligent in any way.  As such, the defendants' Motion for Summary Judgment must be granted.

For the Defendants by their Attorneys

Edward J. McDonough, Jr., BBO# 331590
Katherine A. Day, BBO# 657765
EGAN, FLANAGAN AND COHEN, P.C.
67 Market Street - Post Office Box 9035
Springfield, MA 01102
(413) 737-0260; Fax: (413) 737-0121

Certificate of Service
_____ certifies that copies of the foregoing document was served on all parties by fax/mail on _8_ /_17_ /2005.

0056-030351\96227.wpd

28