UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
WARREN PARTELOW,              )
        Plaintiff             )
                              )
     v.                       ) CIVIL ACTION. No. 03-30294-MAP
                              )
COMMONWEALTH OF               )
MASSACHUSETTS, ET AL.         )
        Defendants            )
```

<u>ORDER REGARDING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT</u>
(Dkt. No. 13)

March 31, 2006

PONSOR, D.J.

Plaintiff Warren Partelow contends that Defendants -- the Commonwealth of Massachusetts, the Hampden County Correctional Center, Sheriff Michael Ashe, Jr., Superintendent Thomas Conklin, Captain Walker, Captain Saddi and certain John Does -- violated his federal and state civil rights, the Americans with Disability Act ("ADA"), 42 U.S.C. §§ 12101 <u>et. seq</u>., the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. §§ 706, 791-794, Mass. Gen. Laws ch. 272, § 98, and Article 114 of the Amendments to the Massachusetts Constitution, and are liable for the common law tort of negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress, due to their failure to provide him with handicapped accessible shower facilities in the winter of 2001 while he was incarcerated

at the Hampden County Correctional Center. Defendants deny Plaintiff's allegations and have moved for summary judgment.

On November 21, 2005, the parties appeared for argument on Defendants' motion. Supplemental submissions were thereafter made on December 12, 2005 and January 13, 2006. Because the evidence of record cannot support a cause of action under federal law, the Motion for Summary Judgment is hereby ALLOWED.

A memorandum will issue shortly setting forth in detail the court's reasons for this ruling, and no judgment will enter pending issuance of this memorandum. In summary, however, the court finds that the record indicates that Defendants were not deliberately indifferent to Plaintiff's welfare -- a necessary predicate for recovery under 42 U.S.C. § 1983 -- but, in fact, complied with the ADA and RA by earnestly seeking to accommodate Plaintiff's disability during his 2001 incarceration.

This order will apprize the parties of the court's conclusion and of its intention, once the memorandum detailing its reasoning issues, to direct entry of judgment for Defendants on all counts in this case.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR

                                            U. S. District Judge